IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRYAN HOLLOWAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3:12-cv-2184-G |
| | § | |
| WELLS FARGO BANK, N.A., and MARIS | § | |
| L. PATTON, R. ALCORN, and J. | § | |
| FRAPPIER, Substitute Trustees with the | § | |
| Law Firm of Barrett, Daffin, Frappier, | § | |
| Turner & Engel, LLP, | § | |
| | § | |
| Defendants. | § | |

---

**DEFENDANT'S MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS AND BRIEF IN SUPPORT**

---

COMES NOW Defendant Wells Fargo Bank, N.A. ("Wells Fargo") and, pursuant to
Federal Rule of Civil Procedure 54(d) as well as applicable law, files its Motion for Award of
Attorneys' Fees and Costs and Brief in Support (the "Motion") and would respectfully show the
Court as follows:

## I.
## INTRODUCTION

Plaintiff Bryan Holloway ("Plaintiff") filed this lawsuit asserting claims against Wells
Fargo to challenge the foreclosure proceedings that were initiated due to Plaintiff's failure to
keep the agreements and covenants set forth in the subject deed of trust.  Under the pertinent loan
documents, Wells Fargo is entitled to recover its reasonable attorneys' fees and court costs
incurred in protecting its interest in the real property.  Because Plaintiff commenced a lawsuit to
permanently enjoin the foreclosure of the subject property, the lawsuit could have significantly

affected Wells Fargo's rights in the real property at issue.  As a result, Wells Fargo is entitled to recover its reasonable attorneys' fees and court costs incurred.

## II.
## STATEMENT OF ISSUES AND BACKGROUND FACTS

On or about May 15, 2000, Plaintiff executed a Note in the amount of $120,511.00 for the purchase of the Property (the "Note"), and a deed of trust (the "Deed of Trust"), which granted a security interest in the property located at 905 Dawson Street, Cedar Hill, Texas 75104 (the "Property").  True and correct copies of the Note and Deed of Trust are attached as Exhibits "A" and "B" to the Appendix in Support of Defendant's Motion for Award of Attorneys' Fees and Costs and Brief in Support ("Appx."), which is being filed herewith and incorporated by reference.

Plaintiff failed to make the payments required under the Note and Deed of Trust.  *See* Original Petition/Complaint and Application for a Temporary Restraining Order and Temporary and Permanent Injunction (the "Petition") at ¶ 19.  Because of Plaintiff's uncured default on the payment obligations under the Note and Deed of Trust, foreclosure proceedings were initiated. *See id*. at ¶ 23.  Despite the undisputed default, Plaintiff alleges in his Petition that Wells Fargo "never offered to have a face-to-face meeting . . . but rather, advised him to send in . . . financial information and [to] complete a hardship application," which is supposedly a violation of Housing and Urban Development regulations.  *See id*. at ¶¶ 19 & 103.  Plaintiff further challenges the foreclosure based on his unsubstantiated allegations that the document appointing the substitute trustee was allegedly "robo" signed or executed without the proper authority.  *Id*. at ¶¶ 14 & 64.  Based on the above allegations, although not entirely clear, Plaintiff asserts a litany of claims against Wells Fargo for violations of the Texas Debt Collection Practices Act ("TDCPA"), Fair Debt Collection Practices Act ("FDCPA"), Texas Deceptive Practices—

Consumer Protection Act ("DTPA"), Texas Property Code, Texas Business and Commerce Code, and the Housing of Urban and Development ("HUD") regulations, and breach of the duty of good faith and fair dealing, breach of contract, fraud, negligence, and suit to quiet title.  *See id.* at ¶¶ 25-113.  Plaintiff sought injunctive relief to prevent the foreclosure sale of the Property and declaratory relief that Wells Fargo does not have standing to foreclose on the Property.   *See id.* at ¶¶ 66-79.

Plaintiff failed to keep the promises and covenants set forth in the Note and Deed of Trust by failing to make payments as agreed.  Yet, Plaintiff filed this lawsuit asserting claims against Wells Fargo for the purpose of disrupting Wells Fargo's efforts to enforce the terms of the Note and Deed of Trust, and the remedies available thereunder in light of the undisputed default under the Note and Deed of Trust.

On August 14, 2012, Wells Fargo filed its Motion to Dismiss Plaintiffs' Original Petition and Brief in Support (Doc. No. 6) (the "Motion to Dismiss"), which sought dismissal of all of Plaintiff's claims against Wells Fargo in their entirety under Federal Rule of Civil Procedure 12(b)(6).  Plaintiff did not file a response to the Motion to Dismiss.  On February 26, 2013, the Magistrate Judge entered its Findings, Conclusions, and Recommendation recommending that Wells Fargo's Motion to Dismiss be granted (Doc. No. 11).  On March 22, 2013, the Court accepted the Findings, Conclusions, and Recommendation and granted Wells Fargo's Motion to Dismiss (the "Order") (Doc. No. 13).  Thereafter, also on March 22, 2013, the Court entered the Final Judgment dismissing Plaintiff's lawsuit with prejudice (the "Final Judgment") (Doc. No. 14).

The Note and Deed of Trust require Plaintiff to pay Wells Fargo the attorneys' fees and costs Wells Fargo incurs (1) to enforce the Note and Deed of Trust (2) based on Plaintiff's

failure to keep covenants and agreements in the Deed of Trust, and (3) to protect its interest in the Property jeopardized by a lawsuit Plaintiff files.  Wells Fargo hereby seeks to recover its attorneys' fees and costs that Plaintiff has agreed to pay pursuant to the Note and Deed of Trust.

## III.
## ARGUMENT AND AUTHORITIES

**A.    WELLS FARGO IS ENTITLED TO RECOVER ITS ATTORNEYS' FEES AND COSTS**

An award of attorneys' fees is governed by the same law that serves as the rule of decision for the substantive issues in a case.  *Mathis v. Exxon Corp.,* 302 F.3d 448, 461-62 (5th Cir. 2002).  Here Texas law applies and under Texas law a party may recover attorneys' fees when such recovery is provided for in statute or contract.  *See Velazquez v. Countrywide Home Loans Servicing, L.P.*, 660 F.3d 893, 895-96, 899-900 (5th. Cir. 2011); *Hill v. Imperial Sav*., 852 F. Supp. 1354, 1371 (W.D. Tex. 1992) (noting that contractual provisions allowing for award of attorneys' fees are generally enforceable) (citing *Baja Energy, Inc. v. Ball*, 669 S.W.2d 836, 838 (Tex. App.—Eastland 1984, no writ) (noting that attorney fees are recoverable if authorized by contract or statute)); *see also Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 95 (Tex. 1999); *Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 593 (Tex. 1996).

In applying Texas law, the Fifth Circuit has determined that where a deed of trust authorizes the recovery of attorney fees to the servicer/mortgagee such are recoverable. *Velazquez*, 660 F.3d at 900.  The *Velazquez* Court interpreted language in a deed of trust similar to the language in the Deed of Trust at issue here.  In *Velazquez,* the Fifth Circuit held that the defendant servicer/mortgagee was entitled to recover its attorneys' fees incurred to protect its rights under the subject deed of trust.  The Fifth Circuit specifically stated:

> [I]t is clear that the Deed of Trust contemplates entitlement to attorney's fees incurred to protect Countrywide's interest in the property or rights under the Deed of Trust . . . we find that all the requirements for the recovery of attorney's fees set out by [the Deed of Trust] have been satisfied.  It is not disputed that the

Velazquezes were in default on their obligations under the Note and Deed of Trust. Further . . . the Velazquezes' [bankruptcy case] was a proceeding that could significantly affect Countrywide's rights under the Deed of Trust, meaning the triggering event under [the Deed of Trust] had occurred. Countrywide incurred fees for acts that were reasonable or appropriate to preserve its rights under the Deed of Trust . . . Thus we hold that Countrywide was entitled to recover the attorney's fees sought….

*See id.* at 899-900.

Here, similar to *Velazquez*, the Deed of Trust, in pertinent part, states as follows:

If (a) Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect [Wells Fargo's] rights in the Property. . . then [Wells Fargo] may do and pay for whatever is necessary to protect the value of the Property and [Wells Fargo's] rights in the Property . . . .
. . .
Any amounts disbursed by [Wells Fargo] under this paragraph shall become an additional debt of Borrower and secured by this Security Instrument. These amounts shall bear interest from the date of disbursement at the Note rate, and at the option of [Wells Fargo] shall be immediately due and payable.

Appx., Ex. B, App. 008, ¶ 7. Additionally, the Note also states:

**(C) Payment of Costs and Expenses**
If [Wells Fargo] has required immediate payment in full . . . [Wells Fargo] may require Borrower to pay costs and expenses **including reasonable and customary attorneys' fees for enforcing this Note** to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

Appx., Ex. A, App. 003, ¶ 6(C) (emphasis added).

Plaintiff does not dispute the default of the payment obligations under the terms of the Note and Deed of Trust. Because Plaintiff did not make payments as promised and agreed to in the Note and Deed of Trust, Wells Fargo commenced foreclosure proceedings on the Property, which are authorized by the terms of the Note and Deed of Trust. To interfere with the foreclosure proceedings Wells Fargo initiated due to Plaintiff failing to keep the agreements and covenants set forth in the Note and Deed of Trust, Plaintiff sued Wells Fargo and Wells Fargo

incurred expenses and attorneys' fees to hire this Firm to defend it in this litigation.

Further, Plaintiff's requested injunctive relief seeks to permanently enjoin Wells Fargo from conducting a foreclosure sale of the Property. Petition at 26. Considering Plaintiff's requested relief, this lawsuit expressly constitutes "a legal proceeding that may significantly affect [Wells Fargo's] rights in the Property." Appx., Ex. B, App. 008, ¶ 7. Consequently, Wells Fargo has incurred attorneys' fees and costs to enforce the Note and Deed of Trust, based on Plaintiff's failure to keep the promises and covenants made in the Note and Deed of Trust, and in order to protect its interest in the Property put in jeopardy by Plaintiff's lawsuit. Notably, this Courts has awarded attorneys' fees to lenders and servicers pursuant to provisions contained in a note and deed of trust when facing similar claims and allegations as Plaintiff asserts here, and analyzing similar language as the Note and Deed of Trust. *See, e.g. Williams v. Wells Fargo Bank, N.A.*, Slip Op., Civil Action No. 3:11-cv-1253-0, at *3-7 (N.D. Tex. Jan. 30, 2013) (awarding Wells Fargo Bank, N.A. "$48,185.52, including $46,431.45 in attorneys' fees and $1,754.07 in costs" based on provisions contained in the note and deed of trust at issue); *Helms v. Wells Fargo Bank, N.A.*, No. 4:12–CV–118–A, 2012 WL 7761983, at *1 (N.D. Tex. Aug. 28, 2012) (awarding Wells Fargo Bank, N.A. "$11,891.95 in attorneys' fees and [] $1,259.10 in expenses and nontaxable costs of court, for a total of $13,151.05" based on provisions contained in the note and deed of trust at issue); *King v. Wells Fargo Bank, N.A.*, No. 3:11-cv-0945-M-BD, 2012 WL 3283473, at *1, 3 (N.D. Tex. Jul. 10, 2012) (awarding Wells Fargo Bank, N.A. $20,000 in fees based on provisions contained in the note and deed of trust at issue), *adopted by* 2012 WL 3289961 (N.D. Tex. Aug. 13, 2012).

**B.**   **W**ELLS **F**ARGO IS **E**NTITLED TO **R**ECOVER **I**TS **C**OSTS IN **D**EFENDING **T**HIS **L**AWSUIT

Wells Fargo is entitled to recover its costs under the Note, Deed of Trust, and Rule 54(d)(1). The Deed of Trust permits Wells Fargo to recover the costs it incurs as a result of

Plaintiff's failure to keep his promises and agreements in the Deed of Trust and to protect its right in the property threatened by a lawsuit Plaintiff files. The Note authorizes the recovery of costs and expenses incurred to enforce the Note. Rule 54(d)(1) also provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1).

In this case, as set forth above, Plaintiff failed to keep his promises and agreements in the Deed of Trust and filed a lawsuit that affected Wells Fargo's rights in the Property, both of which required Wells Fargo to incur costs. Wells Fargo also sustained costs to enforce the Note by having to defend this lawsuit Plaintiff filed to prevent it from foreclosing on the Property. After Plaintiff filed the lawsuit, the Court granted Wells Fargo's Motion to Dismiss in its entirety and Wells Fargo became the prevailing party under Rule 54(d)(1) (Doc. Nos. 11 & 13). Therefore, Wells Fargo is also entitled to recover its costs incurred in this lawsuit.

## C.   WELLS FARGO'S LEGAL FEES AND COSTS INCURRED ARE REASONABLE AND NECESSARY

Wells Fargo's legal fees are reasonable and therefore properly recoverable for legal work necessitated by defending this lawsuit. To determine whether fees are reasonable, the United States Supreme Court has instructed that courts should "look[] to the marketplace as [their] guide as to what is 'reasonable.'" *Missouri v. Jenkins,* 491 U.S. 274, 285 (1989). The Court should consider the following factors to make this determination: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional

relationship with the client; (7) the experience, reputation, and ability of the lawyers performing the services; and (8) whether the fee is fixed or contingent. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818-19 (Tex. 1997). Wells Fargo is represented by the law firm of Locke Lord LLP ("Locke Lord" or the "Firm") in this matter. *See* Appx., its Ex. C, the Declaration of Robert T. Mowrey (the "Mowrey Declaration"), which is incorporated by reference, at ¶¶ 2-3.

As of February 28, 2013, Wells Fargo has incurred $10,136.00 in reasonable and necessary attorneys' fees from Locke Lord, as well as $38.04 in necessary costs and expenses related to the defense of this matter, which amount does not include the $350.00 of costs and expenses incurred by Wells Fargo for filing the pleadings required to remove the matter from state court in Dallas County, Texas to the U.S. District Court for the Northern District of Texas. *See id.* ¶¶ 7, 11.

The rates and fees charged by Locke Lord are also reasonable and consistent with rates charged by comparable firms in Texas. *See id.* ¶¶ 5-6. Robert T. Mowrey is the partner in charge of this matter, and his rate for work done for Wells Fargo on this case is $564.00 per hour. *See id.* ¶ 5. Jason L. Sanders is another partner at the Firm working on this matter, and his rate for work done for Wells Fargo on this case is $340.00 per hour. *See id.* Ethan M. Lange is an associate working on this matter for Wells Fargo, and his rate for work done for Wells Fargo on this case is $200.00 per hour. *See id.* In addition to the referenced attorneys, paralegal assistance was also secured for this matter, and Wells Fargo was charged a reasonable rate for all paralegal work. *See id.* Shelly Sheets and Nelsene Richards are the paralegals who regularly assisted with this matter. *See id.* Ms. Sheets' and Ms. Richards' respective rates for work done for Wells Fargo on this matter are each $180.00 per hour. *See id.* All of the rates charged to

Wells Fargo are "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Missouri*, 491 U.S. at 286 (citing *Blum v. Stenson,* 465 U.S. 886, 896 n. 11 (1984)); *see also Arthur Andersen*, 945 S.W.2d at 818; *see* Mowrey Declaration ¶¶ 5-6.   In addition, the rates charged by Locke Lord in this matter are consistent with the rate charged by Locke Lord in similar matters in which Locke Lord represents Wells Fargo.  *See id.* ¶ 5.

The services provided by Locke Lord on this matter include, among other things, legal research on issues that arose in the case, drafting removal papers, drafting a motion to dismiss, preparing and filing a proposed discovery plan, and attempting to confer with Plaintiff regarding the potential for settlement and the proposed discovery plan.  *See id.* ¶ 4 and attached invoices (the "Invoices"), **Exhibit C.1**.  As reflected on the Invoices themselves, there was no duplication of effort by the Locke Lord attorneys who performed work in this matter.   *See* Mowrey Declaration ¶¶ 4, 10, and attached Invoices.   Robert T. Mowrey, as partner in charge, reviewed the respective invoices sent to Wells Fargo to ensure that the work done by the Firm on the case was not duplicative and was done efficiently.  *See id.* ¶ 10.  The attorneys who worked on this matter possess the skill requisite to properly perform the legal services rendered in this matter. *See id* ¶ 5.  In light of the foregoing, and the results obtained, the fees and costs charged in this dispute are reasonable and necessary.  *Id.*  ¶¶ 5-6, 10-11.

## IV.
## CONCLUSION AND PRAYER

WHEREFORE, Wells Fargo respectfully requests that the Court grant the foregoing Motion, and award it its reasonable and necessary attorneys' fees and costs incurred in this matter, totaling $10,136.00 in fees and $38.04 in expenses and costs (which does not include the $350.00 in costs sought pursuant to Wells Fargo's Bill of Costs), for a grand total of $10,174.04.

Wells Fargo further prays that the Court grant it all other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

/s/  Ethan M. Lange
**Robert T. Mowrey**
  State Bar No. 14607500
  rmowrey@lockelord.com
**Jason L. Sanders**
  State Bar No. 24037428
  jsanders@lockelord.com
**Ethan M. Lange**
  State Bar No. 24064150
  Email: elange@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas  75201-6776
Telephone:  (214) 740-8000
Facsimile:  (214) 740-8800

**ATTORNEYS FOR DEFENDANT
WELLS FARGO BANK, N.A.**

## CERTIFICATE OF CONFERENCE

The undersigned counsel for Wells Fargo, Ethan M. Lange, hereby certifies that he attempted to contact Plaintiff Bryan Holloway by telephone to discuss the relief sought in this Motion.  Mr. Lange was unable to reach Mr. Holloway and left him a message to return his call.  Mr. Holloway did not return Mr. Lange's phone call.  Thereafter, Mr. Lange called Mr. Holloway again, and was still unable to reach him.  Accordingly, Wells Fargo considers Plaintiff opposed to the requested relief, and now presents the Motion to this Court for consideration.

/s/  Ethan M. Lange
Counsel for Defendant

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the following *via certified mail, return receipt requested* pursuant to the Federal Rules of Civil Procedure on this 2nd day of April 2013:

        Bryan Holloway
        905 Dawson Street
        Cedar Hill, Texas 75104
        Telephone:  (214) 908-3293
        *Pro Se Plaintiff*

                         /s/  Ethan M. Lange
                         Counsel for Defendant