# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRYAN HOLLOWAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3:12-cv-2184 |
| | § | |
| WELLS FARGO BANK, N.A., and MARIS L. PATTON, R. ALCORN, and J. FRAPPIER, Substitute Trustees with the Law Firm of Barrett, Daffin, Frappier, Turner & Engel, LLP, | § § § § § | |
| | § | |
| Defendants. | § | |

## DECLARATION OF ROBERT T. MOWREY

1. My name is Robert T. Mowrey. I am of sound mind and capable of making this unsworn declaration pursuant to 28 U.S.C. § 1746. I am over the age of twenty-one (21) years, have never been convicted of a felony or crime involving dishonesty and am fully competent to testify to the matters herein. This declaration is based on my personal knowledge and all of the facts stated herein are true and correct.

2. I am an attorney with Locke Lord LLP, and am one of the attorneys of record for Wells Fargo Bank, N.A. ("Wells Fargo") in this matter. I supervised the work of the other attorneys and paralegals who assisted with Wells Fargo's defense in this case.

3. I am duly licensed to practice law in the State of Texas. I joined the firm of Locke Purnell Boren Laney & Neely in 1979, became a partner in 1984, and have practiced continually with the firm, which is now known as Locke Lord LLP ("Locke Lord" or the "Firm"), to the present. I am admitted to practice law in the state of Texas, in the United States

Supreme Court, the Fifth Circuit Court of Appeals, and in all United States district courts in the state of Texas. My practice has been in a wide range of commercial litigation, including consumer finance and mortgage litigation, and involving contract interpretation and contract disputes. In my capacity as counsel of record for Wells Fargo, I have knowledge of the facts contained herein and know these facts to be true and correct. I have handled many business litigation cases in state and United States district courts in Texas, and I am familiar with the reasonable and necessary attorneys' fees for prosecuting and defending a case of this type.

4. In connection with the Firm's handling of Wells Fargo's defense in this lawsuit, the services provided on this matter by Locke Lord attorneys include, without limitation: reviewing Plaintiff Bryan Holloway's ("Plaintiff") Original Petition/Complaint and Application for a Temporary Restraining Order and Temporary and Permanent Injunction ("Petition") and analyzing the merits of Plaintiff's claims and allegations; conducting an investigation and review of the background facts relevant to this matter; reviewing the loan file, correspondence, and other documents relevant to the claims asserted by Plaintiff in this lawsuit; preparing a federal notice of removal based on diversity jurisdiction, along with the pertinent, accompanying papers, in order to remove the matter from state court in Dallas County, Texas to the U.S. District Court for the Northern District of Texas; preparing Wells Fargo's Motion to Dismiss Plaintiff's Original Petition and Brief in Support; researching pertinent issues of law subject to Wells Fargo's Motion to Dismiss; attempting to confer with Plaintiff regarding potential settlement and the proposed discovery plan; preparing Wells Fargo's proposed discovery plan; and, preparing Wells Fargo's Notice of Non-Filing.

5. The attorneys who regularly assisted me on this matter are my partner, Jason L. Sanders, and Ethan M. Lange, an associate with the Firm. My rate for work done for Wells

Fargo on this matter is $564.00 per hour. Mr. Sanders' rate for work done for Wells Fargo on this matter is $340.00 per hour. Finally, Mr. Lange's rate for work done for Wells Fargo on this matter is $200.00 per hour. In addition to Mr. Sanders and Mr. Lange, paralegal assistance was also required for Wells Fargo's defense of this matter, and Wells Fargo was billed at a reasonable rate for all paralegal work. Ms. Shelly Sheets and Ms. Nelsene Richards are the paralegals who regularly assisted with this matter. Ms. Sheets' and Ms. Richards' respective rates for work done for Wells Fargo on this matter are each $180.00 per hour. The attorneys and paralegals who assisted with Wells Fargo's defense in this matter possessed the requisite skill and experience to properly perform the legal services rendered in this matter. The rates and fees charged for work done by the Firm in this matter are both reasonable and consistent with the rates charged by comparable firms in Texas. Furthermore, the rates charged for work done by the Firm in this matter are consistent with the rate charged by the Firm in similar matters in which Locke Lord represents Wells Fargo.

6. In my opinion, based upon my experience as a licensed attorney, all of the legal services, which I, or another lawyer, paralegal or legal assistant at Locke Lord performed, were and are necessary to properly defend Wells Fargo in this lawsuit. The hourly rates charged to Wells Fargo by Locke Lord for the services performed are reasonable for the work performed in Texas.

7. The total number of hours worked on this matter by me and other lawyers at Locke Lord though February 28, 2013 is approximately 68 hours, totaling $10,136.00 in fees. I and other lawyers at Locke Lord also incurred costs and expenses in the amount of $38.04, which does not include, costs incurred in filing the federal and state court pleadings required to

remove the matter from state court in Dallas County, Texas to the U.S. District Court for the Northern District of Texas (the filing fee for the removal to federal court was $350).

8. The invoices which evidence the work done by the Firm on this matter (the "Invoices") are attached as **Exhibit 1**, and contain entries setting forth the date the work was done, the attorney or paralegal conducting the work, a narrative description of the work that was performed, the number of hours it took to complete the described work and the total value of that work that was billed to Wells Fargo. Also set forth at the end of each invoice is a list of the attorneys and paralegals who performed work during the relevant time period and their hourly billing rate.

9. The Invoices have been attached hereto in unredacted form. Accordingly, in some cases, the narrative descriptions contained on the bills disclose work product information and attorneys' mental impressions, and they may also reveal attorney-client communications. Wells Fargo does not wish to waive any work product or attorney-client privileges pursuant to its filing of the unredacted Invoices, and indeed expressly desires to preserve those privileges. Thus, Wells Fargo has filed with its Motion for Award of Attorneys' Fees, a Motion for Protective Order as well as a Motion for Leave to File Under Seal in order to preserve the confidentiality and privileged nature of the Invoices.

10. I have personally reviewed the amount of time and narrative descriptions for each entry of work performed on this case prior to their inclusion on an invoice. Prior to invoicing Wells Fargo, I sometimes reduced the amount of time which was billed to Wells Fargo as an accommodation and to ensure that all time billed to Wells Fargo was reasonable. Significantly, the true value of the work actually performed by Locke Lord in this matter totaled $15,295.20 in fees, which I discounted to $10,136.00. Consequently, as reflected on the Invoices themselves,

there was no duplication of effort by the Locke Lord attorneys who performed work in this matter, and the entire amount billed to and paid by Wells Fargo is reasonable in light of the work actually performed and in light of the issues that needed to be addressed in defending this matter.

11. I am familiar with the nature of the services that must be performed to prosecute and defend this and similar matters to a final conclusion. Not including the submission of Wells Fargo's Motion for Award of Attorneys' Fees and related briefing, in my opinion reasonable and necessary attorneys' fees incurred to date are not less than $10,136.00, and costs incurred are not less than $38.04, excluding $350 of costs required to remove this lawsuit to this Court, through the time the Motion is presented to the Court.

12. I am employed as an attorney for Wells Fargo, and thus I am not receiving any additional compensation for my testimony.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct.

Date: March, 29 2013

_____
Robert T. Mowrey

**DECLARATION OF ROBERT T. MOWREY**  APP 18
DAL:0567447/00508:2185434v1