IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRYAN HOLLOWAY, § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:12-CV-2184-G (BH) |
| § | |
| WELLS FARGO BANK, N.A., et al., § | |
| Defendants. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this case was referred for pretrial management. Before the Court for recommendation is *Defendant's Motion for Award of Attorneys' Fees and Costs and Brief in Support*, filed April 2, 2013 (doc. 21). Based on the relevant filings and applicable law, the motion should be **DENIED** without prejudice.

### I. BACKGROUND

On June 27, 2012, Bryan Holloway (Plaintiff) filed this *pro se* action in state court against Wells Fargo Bank, N.A. (Defendant) and Maris L. Patton, R. Alcorn, and J. Frappier of the law firm of Barrett, Daffin, Frappier, Turner & Engel, LLP, for claims arising from the foreclosure of his home. (*See* doc. 1-6 at 1.)[1] Defendant removed the action to federal court on the basis of diversity jurisdiction on July 10, 2012, and it moved to dismiss the complaint for failure to state a claim on August 14, 2012. (*Id.;* doc. 6.) The Court granted Defendant's motion and dismissed all of Plaintiff's claims against all defendants with prejudice on March 22, 2013. *See Holloway v. Wells Fargo Bank, N.A.*, No. 3:12-CV-2184-G BH, 2013 WL 1189215, *1 (N.D. Tex. Mar. 22, 2013) (Order Accepting Findings, Conclusions, and Recommendation of the United States Magistrate

---

[1] Citations to the record refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

Judge) (doc. 13).

After entry of judgment, Defendant submitted a bill of costs to the Clerk of Court, who taxed costs in the amount of $350 against Plaintiff. (docs. 15, 27.) Defendant now seeks an award of attorney's fees and costs based on the following language in the Note and the Deed of Trust, respectively:

> **(C) Payment of Costs and Expenses**
> If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses *including reasonable and customary attorneys' fees for enforcing this Note* to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

(Doc. 22-1 at 3 (emphasis added).)

> If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.
>
> Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement at the Note rate, and at the option of Lender shall be immediately due and payable.

(Doc. 22-2 at 4.) Plaintiff did not respond, and the motion is now ripe for recommendation.

## II. ANALYSIS

Defendant seeks a post-judgment award of attorneys' fees and costs, citing Federal Rule of Civil Procedure 54(d) generally and Texas law in particular. (doc. 12 at 1, 4).

"It is a long-recognized principle that federal courts sitting in diversity cases[, such as this one], 'apply state substantive law and federal procedural law.'" *Shady Grove Orthopedic*

2

*Assoc., P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 417 (2010), quoting *Hanna v. Plumer,* 380 U.S. 460, 465 (1965). An award of attorneys' fees is governed by state substantive law. *Chevron USA, Inc. v. Aker Maritime Inc.*, 689 F.3d 497, 505 (5th Cir. 2012), quoting *Mathis v. Exxon Corp.,* 302 F.3d 448, 461 (5th Cir.2002). Federal procedure, however, requires that claims for attorneys' fees generally be made by motion filed within 14 days of the entry of judgment pursuant to Fed. R. Civ. P. 54(d)(2). *United Industries, Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 766 (5th Cir. 1996); *see also Evanston Ins. Co. v. Graves*, 3:13-CV-959-D, 2013 WL 4505181, *1 (N.D. Tex. Aug. 23, 2013) ("Rule 54(d) does not create a substantive right to attorney's fees. It is a procedural rule that provides that a claim for attorney's fees and related nontaxable expenses is to be made by motion..."); *CSMG Technologies, Inc. v. Allison*, No. 4:07-CV-0715, 2009 WL 2242351, *3 n. 20 (S.D. Tex. July 24, 2009) (party seeking attorney's fees under Texas law in a diversity case must still follow federal procedural rules).

Rule 54(d) does not apply in cases where "the substantive law requires those fees to be proved at trial as an element of damages." FED. R. CIV. P. 54(d)(2). The advisory committee's note clarifies that the rule in inapplicable where "fees [are] recoverable as an element of damages, as when sought under the terms of a contract; such damages typically are to be claimed in a pleading and may involve issues to be resolved by a jury." FED. R. CIV. P. 54 advisory committee's note 1993 Amend. (subdivision (d); paragraph 2); *see also United Industries, Inc.*, 91 F.3d at 766 n.7 ("Attorneys fees that are recoverable as an element of damages, such as when sought under the terms of a contract, must be claimed in a pleading.").

> In distinguishing between attorney's fees that are recoverable by motion, and those that are only recoverable as an element of damages, "courts have differentiated between claims for attorney's fees based on 'prevailing party' contractual provisions and claims for attorney's fees based on other types of contractual provisions."— *Rockland Trust Co.*

3

>*v. Computer Associated Intern., Inc.,* 2008 WL 3824791, *5 (D. Mass. Aug.1, 2008). "Prevailing party" provisions "generally state that when a dispute over the contract arises the party who loses in litigation must pay the legal fees of the party who prevails in litigation." *Id.* On the other hand, "when a party seeks attorney's fees stemming from a breach of contract, courts have found the issue of attorney's fees to be an element of damages." *Id.* In sum:
>
>> When a party seeks attorneys fees pursuant to a prevailing party provision, the condition precedent to recovery is the successful litigation of a claim. Conversely, when a party seeks attorney's fees as a result of a breach the condition precedent to recovering legal costs is a breach of contract by [a party]. *Id.* (internal citations and quotations omitted).

*Malin Intern. Ship Repair & Drydock, Inc. v. M/V SEIM SWORDFISH*, 611 F. Supp. 2d 627, 636 (E..D. La. 2009); *see also CSMG Technologies, Inc.*, 2009 WL 2242351 at *2 (noting that a right to fees and costs incurred while enforcing a note was a substantive claim to be proved at trial or before judgment, whereas "a right to fees and costs under a 'prevailing party' clause is collateral to a substantive claim and does not accrue until the litigation actually is brought and the winner is determined").

In this case, Defendant expressly invokes Texas state law in support of its claims for fees.[2] Under Texas law, a party may recover attorneys' fees only when allowed by statute or contract. *1/2 Price Checks Cashed v. United Auto. Ins. Co.*, 344 S.W.3d 378, 382 (Tex. 2011), citing *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.,* 299 S.W.3d 106, 120 (Tex. 2009); *Tony Gullo Motors I, L.P. v. Chapa,* 212 S.W.3d 299, 310–11 (Tex. 2006). More specifically, Texas law allows the recovery of attorneys' fees when allowed by language in a deed of trust. *See Velazquez v. Countrywide Home Loans Servicing*, 660 F.3d 893, 899 (5th Cir. 2011). Here, Defendant bases its request for fees and costs on contractual language

---

[2] Defendant did not specifically invoke subsection (2) of Rule 54(d) in its motion, but its request for fees was made by motion filed less than fourteen days after the Court's entry of judgment in its favor on Plaintiff's claims as provided by that rule. (*See* docs. 13, 21.)

4

in the Note stating that Plaintiff may be required "to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note." (doc. 22-1 at 3.) It also relies on the Deed of Trust, which provides that any amounts incurred by Defendant in protecting the property's value or its rights, including in a legal proceeding, "shall become an additional debt of [Plaintiff]". (doc. 22-2 at 4.) Defendant is correct that under Texas law, the language of the Note and Deed of Trust entitles it to recover the attorneys' fees it incurred protecting its rights to the property.

At issue, however, is whether Defendant may recover its fees through a post-judgment Rule 54(d) motion, or whether Texas law requires those fees to be proved as an element of damages before judgment. The contractual provisions upon which Defendant relies provide for an award for attorney's fees only to Defendant in the event of Plaintiff's breach of the Note and Deed of Trust. These are not the type of "prevailing party" provisions under which attorneys' fees and costs have been awarded by post-judgment motion to the party who prevails in litigation concerning the contract. *See CSMG Technologies, Inc.*, 2009 WL 2242351 at *2 (noting that contractual language in the note that only provided for an award of fees to the note holder in the event it was required to collect on the note was not a "prevailing party" clause); *Malin Intern. Ship Repair,* 611 F. Supp. 2d at 636 (noting that attorneys' fees based on "prevailing party" contractual provisions could be recovered by motion).[3] Accordingly, under Texas law, Defendant was required to plead and prove its fees as an element of a claim for damages prior to

---

[3] *Compare Engle v. Teleprompter Corp.*, 732 F.2d 1238, 1240-42 (5th Cir. 1984) (permitting post-judgment recovery of attorneys' fees by the defending party in a diversity case applying Texas law based on a *prevailing party* contractual provision, despite the party's failure to plead for attorneys' fees or bring a counterclaim); *Old HH, Ltd. v. Henderson*, No. 03-10-00129-CV, 2011 WL 6118570, at *3-4 (Tex. App.–Austin 2011, no writ) (affirming post-trial award of attorneys' fees based on a *prevailing party* contractual provision even though the prevailing party sought no affirmative relief and received none in the judgment).

the entry of judgment. *See Richardson v. Wells Fargo Bank, N.A.*, No. 4:11-CV-359-A, 2012 WL 6028912, at *1-2, 4 (N.D. Tex. Dec. 3, 2012) *appeal docketed*, No. 13-10002 (5th Cir. Dec. 27, 2012) (finding that a post-judgment claim under Rule 54(d)(2) for fees and costs based on substantially similar contractual language by this same defendant presented what "quite clearly are contractual damages to be proved at trial" under Texas law and denying the motion in the absence of a pleading supporting affirmative relief or other action that could lead to revision of the final judgment); *CSMG Technologies, Inc.*, 2009 WL 2242351, *2(finding that any claim for fees based on contractual language allowing the note holder to recover fees incurred in enforcing the note was a substantive claim that was required to be proved at trial or before judgment, not in a post-judgment motion); *Janicek v. Home Sav. of Am., F.S.B.*, No. 14-94-01197-CV, 1996 WL 50871, at *6 (Tex. App.–Houston [14th Dist.] Feb. 8, 1996, writ denied) (finding, based on similar language in the deed of trust, that the trial court did not err in refusing to award the lender attorneys' fees post-judgment because the deed of trust "does not provide that [the lender] can recover the funds as attorney's fees after a suit; rather, the funds become additional debt."); *see also Gendke v. Wells Fargo Bank, N.A.,* 2013 WL 4017140 (S.D. Tex. Aug. 6, 2013) (denying pre-judgment request for attorneys' fees by this same defendant based on substantially similar contractual language because the defendant had not sought affirmative relief in the lawsuit).[4] Defendant did not plead and prove its attorneys' fees as an element of a claim for

---

[4] While the Fifth Circuit has not yet specifically addressed this issue, other circuits have arrived at the same conclusion. *See McKissick v. Yuen*, 618 F.3d 1177, 1197 n.10 (10th Cir. 2010) (noting the possible procedural hurdle on a post-judgment motion for attorneys fees arising from a contractual provision); *Town of Poughkeepsie v. Espie*, 221 F. App'x 61, 61 (2d Cir. Mar. 19, 2007) (affirming district court's denial of post-judgment motion for attorneys' fees that was contractual in nature under Rule 54(d)); *HICA Educ. Loan Corp. v. Hodges*, No. 11-2070-KHV, 2011 WL 6100283, at *1 (D. Kan. Dec. 7, 2011) (denying the award of attorneys' fees noting that the post-judgment motion for attorneys' fees based on a contractual agreement is inappropriate under Rule 54(d)(2)(A)); *Kraft Foods N. Am., Inc. v. Banner Eng'g & Sales, Inc.*, 446 F.Supp.2d 551, 578 (E.D. Va. 2006) (declining to award attorneys fees when the party failed to prove its attorneys' fees at trial); *Lifespan Corp. v. New England Med. Ctr. Inc.*, No. 06-cv-421, 2011 WL

damages, file a counterclaim or otherwise seek affirmative relief in this lawsuit prior to the entry of judgment, or take any action that could lead to revision of the final judgment.

In support of its motion, Defendant cites three similar cases from this district in which it was awarded attorneys' fees after it filed a post-judgment motion under Rule 54(d)(2). These cases only addressed whether the requested fees were recoverable under similar contractual language and the reasonableness of those fees, however. *See Williams v. Wells Fargo Bank, N.A.*, No. 3:11-CV-1253-O (N.D. Tex. Jan. 30, 2013); *Helms v. Wells Fargo Bank, N.A.*, No. 4:12-CV-118-A, 2012 WL 7761983, at *1 (N.D. Tex. Aug. 28, 2012); *King v. Wells Fargo Bank, N.A.*, No. 3:11-CV-0945-M-BD, 2012 WL 3283473 (N.D. Tex. Jul. 10, 2012). None of these cases addressed whether Rule 54(d) was applicable. The Court is not persuaded that they are a sufficient basis for the relief requested by Defendant.

In conclusion, Rule 54(d)(2) does not apply because Texas law required Defendant to plead and prove its attorneys' fees as an element of a claim for damages or otherwise seek affirmative relief in this lawsuit prior to the entry of judgment. Because Defendant failed to do so, or to take any action that could lead to revision of the final judgment, its post-judgment Rule 54(d) motion for attorneys' fees should be denied without prejudice. *See Richardson*, 2012 WL 6028912 at *6 (denying motion without prejudice to any future action to enforce contractual entitlement to attorneys' fees and costs).

### III. RECOMMENDATION

Defendant's motion for award of attorneys' fees should be **DENIED** without prejudice.

---

3841085, at *6 (D.R.I., Aug. 26, 2011) (declining to award attorneys' fees stemming from a contractual provision when the party brought a post-judgment motion); *RBC Bank (USA) v. Glass*, 773 F.Supp.2d 1245, 1247 (N.D. Ala. 2011) ("The very words of 54(d)(2)(A) prove that a trial court must distinguish between post-judgment prevailing party fees, and fees owed as an integral part of a contractual obligation.").

SO RECOMMENDED on this 27th day of January, 2014.

                                              IRMA CARRILLO RAMIREZ
                                              UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

       A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                              IRMA CARRILLO RAMIREZ
                                              UNITED STATES MAGISTRATE JUDGE